UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTIE REYNOLDS-BUCKLEY,

       Plaintiff,

v.                            CASE No. 8:10-CV-1668-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

       The plaintiff, who was forty years old at the time of the administrative hearing and who has a high school education, has worked

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 25).

previously as a fast foods worker, business owner/operator, automobile title clerk, appointment clerk, and office manager (Tr. 26, 39, 192, 201). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled as of December 2, 2004, due to two herniated discs in her lower back and a detached lens in her left eye (Tr. 175). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of chronic back pain and depression (Tr. 13). He concluded that these impairments limited the plaintiff to routine light work with a sit/stand option; an occasional limitation for bending, stooping, crouching, and kneeling; and a frequent limitation for performing tasks that require depth perception (Tr. 14). The law judge found, based upon the testimony of a vocational expert, that these limitations did not preclude the plaintiff from returning to past work as an appointment clerk (Tr. 18). Alternatively, the law judge decided, based upon testimony from the vocational expert, that other jobs exist in significant numbers in the national economy that the plaintiff could perform, such as small product assembler,

-2-

merchandise marker, and phone survey worker (Tr. 19). The plaintiff was, therefore, found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g).  Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert.

denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If a claimant's impairments are not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national

economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.

### III.

The plaintiff challenges the law judge's decision on the grounds that the law judge failed to (1) give substantial weight to the opinion of a treating physician, and (2) include in the hypothetical question to the vocational expert a limitation to jobs that require the use of only one hand, which is based on her assertion that she requires a cane to stand and walk (Doc. 22, p. 2). Neither contention warrants reversal.

A. The plaintiff's first contention is that the law judge failed to give proper weight to the opinions of treating physician Dr. Nadim Khan. He is a cardiologist who saw the plaintiff on three occasions over a three-month period (Tr. 513).

Dr. Khan completed a Cardiac Residual Functional Capacity Questionnaire dated May 27, 2009 (Tr. 513-17). In the Questionnaire, Dr.

Khan opined that, due to sinus tachycardia with palpitations,[2] the plaintiff can never lift ten or more pounds, she can stand or walk less than two hours in a workday, and she should elevate her legs for four to five hours daily if she has a sedentary job (Tr. 515, 516). Dr. Khan also opined that the plaintiff can never bend or crouch, and will need to take two to three unscheduled breaks per hour, lasting fifteen minutes each (id.). Moreover, Dr. Khan indicated that she is incapable of even low stress jobs, and emotional factors contribute to the severity of her symptoms and limitations (Tr. 514).[3] The law judge acknowledged Dr. Khan's opinion that the plaintiff could not perform even sedentary work, but gave little weight to that opinion (Tr. 17).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is

---

[2] Tachycardia is "an abnormally rapid heart rate." The Oxford Dictionary and Thesaurus, American Edition, 1996, p. 1554.

[3] Dr. Khan also opined that the plaintiff should "avoid even moderate exposure" to cigarette smoke (Tr. 516). Nevertheless, the plaintiff continues to smoke cigarettes (Tr. 37).

conclusory or inconsistent with the physician's own medical records. <u>Lewis</u> v. <u>Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997).

Initially, the law judge noted that Dr. Khan met with the plaintiff only three times over a three-month period. While, contrary to the Commissioner's suggestion, Dr. Khan is a treating physician, his opinion could appropriately be given somewhat reduced weight because he would not have a "detailed, longitudinal picture of [the plaintiff's] medical impairments." 20 C.F.R. 404.1527(d)(2), 416.927(d)(2).

In any event, the law judge stated that he gave "little weight to the opinion of [Dr. Khan] that [the plaintiff] can perform less than sedentary work activity as his opinion is not supported by his treatment notes and not consistent with the evidence of record" (Tr. 17). These reasons are good cause for not giving the opinions of a treating physician considerable or substantial weight. <u>See</u> <u>Lewis</u> v. <u>Callahan</u>, <u>supra</u>.

Importantly, the law judge was correct that Dr. Khan's opinions are not supported by his treatment notes because Dr. Khan did not provide treatment notes, or any other documentation, in support of his opinions. Notably, the Questionnaire directed Dr. Khan to "[a]ttach all relevant treatment notes" (Tr. 513).

Additionally, Dr. Khan did not explain in any meaningful way his opinions that the plaintiff was practically incapacitated (see Tr. 513-17). Consequently, Dr. Khan's opinions are conclusory, and that circumstance alone provides a recognized basis for discounting his opinions. Lewis v. Callahan, supra, 125 F.3d at 1440.

Moreover, substantial evidence supports the law judge's finding that Dr. Khan's opinions are not consistent with the record. Thus, no other physician, including two cardiologists, imposed limitations on the plaintiff's functioning, much less opined that she was disabled from working due to tachycardia (or any other condition).

For example, cardiologist Dr. Louis Caruso diagnosed sinus tachycardia in February 2007, and recommended medication to treat it (Tr. 335-37). The only lifestyle modification Dr. Caruso suggested was to stop smoking (Tr. 336), and the plaintiff has not been compliant with this recommendation (see Tr. 37). Furthermore, in February 2009, cardiologist Dr. Sunil Gupta diagnosed the plaintiff with "normal sinus rhythm with intermittent sinus tachycardia" (Tr. 495). His only recommendation was medication (id.).

The record, moreover, indicates that the medication improved the plaintiff's condition, as a treating physician noted that the plaintiff's "[t]achycardia [is] under control on Verapamil" (Tr. 407). This is supported by medical records reflecting normal heart rates (see, e.g., Tr. 407, 415, 417, 420, 423) and the absence of cardiac symptoms (see, e.g., Tr. 478, 482).

Also unsupported by the record is Dr. Khan's opinion that the plaintiff's tachycardia "is an ongoing problem (more than 4 years)" (Tr. 517). This statement indicates that the plaintiff has experienced this problem since May 2005. However, as the law judge notes, the record does not reflect any medical treatment until 2006, and many of those medical records indicate that the plaintiff was negative for cardiac symptoms (see, e.g., Tr. 255, 257, 259, 261, 319) and had a normal heart rate (see, e.g., Tr. 279, 467, 470). Moreover, the plaintiff reported in a May 2006 patient questionnaire that she had no heart trouble (Tr. 267).

Dr. Khan opined further that the plaintiff is incapable of even a low stress job, and that emotional factors contribute to the severity of her functional limitations (Tr. 514). However, as the law judge noted (Tr. 13-14), the examining clinical psychologist concluded that the plaintiff suffered only from marginally moderate to mild limitations (see Tr. 367). Furthermore, Dr.

Khan, who is not a mental health specialist, gave no meaningful explanation for the contention that the plaintiff could not perform even a low stress job.

In support of the plaintiff's assertion that the law judge's determination is not supported by substantial evidence, she cites only to abnormal cardiac test results and diagnoses of heart conditions (Doc. 22, pp. 6-7). However, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684 (11th Cir. 2005)(unpub. dec.)(quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)); see also Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987). In this connection, the plaintiff has not identified any medical evidence showing that her tachycardia is of such a severity that it causes the extreme functional limitations opined by Dr. Khan. In fact, even the plaintiff's report to the consultative psychologist of her daily activities is inconsistent with Dr. Khan's opinions of her functional capabilities (see Tr. 366). Thus, the plaintiff's citations to diagnoses and test results do not undermine the law judge's determination to discount Dr. Khan's opinions, much less compel the law judge to accept Dr. Khan's opinions of incapacitating limitations. See Adefemi v. Ashcroft, supra.

-11-

In sum, there is substantial evidence for the law judge's determination that Dr. Khan's opinions should be given little weight because they are not supported by his treatment notes, and are not consistent with the record.

The plaintiff additionally contends that the law judge should have found that her tachycardia was a severe impairment (Doc. 22, p. 9). This argument is rejected because the plaintiff has failed to develop it. Thus, the scheduling Order directs the plaintiff to include for each challenge to the law judge's decision citations to the record of the pertinent facts and the governing legal standards (Doc. 14). However, other than referring to Dr. Khan's opinions, which were properly rejected, the plaintiff does not identify evidence which would have compelled the law judge to find that the plaintiff's tachycardia was a severe impairment.

Furthermore, the Commissioner correctly points out that, even if the plaintiff's tachycardia is a severe impairment, the failure to denominate it as such would be harmless error (Doc. 24, pp. 11-12). Thus, the decision reflects that, after the law judge found that the plaintiff suffered from severe impairments of depression and chronic back pain, he considered "all of the [plaintiff's] impairments, including impairments that are not severe," in

determining her residual functional capacity and ability to work (Tr. 12). See 20 C.F.R. 404.1520(e), 416.920(e). Importantly, other than relying upon Dr. Khan's opinions, which the law judge reasonably rejected, the plaintiff has not demonstrated, or even argued, that the plaintiff suffers from functional limitations due to tachycardia greater than the functional limitations found by the law judge. Therefore, a purported failure to identify tachycardia as a severe impairment would not be reversible error.

B. The plaintiff also contends that the law judge "erred by failing to determine that plaintiff required the use of an assistive device for balance as well as to walk" (Doc. 22, p. 9). This argument is meritless.

The plaintiff testified at the administrative hearing that, for about four years, she has used a cane to walk and stand (Tr. 33). In this connection, she stated that, without the cane, "[i]t's too much pressure on my hip and knee, plus I stumble and fall a lot. My balance is off" (id.). Based on this testimony, the plaintiff argues that "it is clear that [she] require[s] the use of her cane in order to balance as well as to walk" and, therefore, the law judge erred by failing to include in the hypothetical question to the vocational expert a limitation to "jobs that only necessitate[] the use of one hand at a time" (Doc. 22, pp. 9, 10).

-13-

This claim fails at the outset in light of the law judge's finding at step four of the sequential analysis that the plaintiff could return to prior work as an appointment clerk. As the Commissioner points out, the use of testimony from a vocational expert is not necessary when the law judge finds that the plaintiff can return to prior work. Lucas v. Sullivan, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990).

Furthermore, even if the use of a vocational expert is appropriate, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004). Here, the law judge was not required to include in the hypothetical question a limitation to jobs that require the use of one hand because he implicitly rejected the plaintiff's contention that she requires a cane to balance or walk. Significantly, the record contains no prescription for a cane, or other indication that the plaintiff requires an assistive device. The Commissioner points out that Social Security Ruling 96-9P, 1996 WL 374185 at *7, states that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for hand-held device to aid in walking or standing, and describing the circumstances for which it is needed." Since the

plaintiff has not provided any such documentation, she has failed to show that the use of a cane is medically required.

Consequently, the plaintiff relies on her testimony as the sole basis for finding that she requires a cane to walk and balance. The law judge expressly acknowledged this testimony (Tr. 15). However, he did not include any need for a cane in his determination of the plaintiff's residual functional capacity or in a hypothetical question to the vocational expert. Obviously, the law judge discounted the plaintiff's testimony regarding the use of a cane as part of his credibility determination. See Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981)(credibility finding may be implicit). The law judge found that the plaintiff was not credible to the extent that her testimony was inconsistent with the residual functional capacity assessment (Tr. 17). He then explained that finding at some length, stating, among other things, that the plaintiff "appeared to exaggerate at times, possibly for self-gain" (Tr. 18).

Moreover, the plaintiff did not challenge the law judge's credibility determination. In light of the scheduling Order (Doc. 14, p. 2), any contention that the law judge erred in his credibility determination is deemed waived. Therefore, the law judge's implicit finding that the plaintiff does not need the use of a cane stands unchallenged.

In addition, even if the law judge erred in concluding that the plaintiff did not need a cane, that error would be harmless. Although the law judge found that the plaintiff could perform light work, and arguably the need for a cane would interfere with the walking and standing involved in jobs of that type, the dispositive finding was that the plaintiff could return to work as an appointment clerk (Tr. 18). That is a sedentary job that seemingly could be performed even if a cane were needed. Notably, the vocational expert was present at the hearing and saw the plaintiff with her cane. Nevertheless, he opined that the plaintiff could return to past work as an appointment clerk (Tr. 42).

The plaintiff asserts that "it was error to find that Plaintiff could perform the jobs of small products assembler, merchandise marker and phone survey worker as well as of appointment clerk since all of these jobs required the use of both hands simultaneously" (Doc. 22, p. 9). It does not matter whether that assertion is correct with respect to the first three of those jobs, all of which are classified as light work (Tr. 19), since they simply were an alternative finding. However, there is no reason to accept the unsupported, conclusory, and counterintuitive assertion that the sedentary job of appointment clerk requires the use of both hands simultaneously. The

plaintiff's representative could have asked the vocational expert about that matter at the hearing, but she did not. Consequently, the plaintiff, who has the burden to demonstrate that she cannot return to prior work, <u>Doughty</u> v. <u>Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001), has failed to show that, even if she needed the use of a cane, she could not perform the job of appointment clerk.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 20th day of June, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE